INDEPENDENCE COUNTY *v.* DUFFEY.

Opinion delivered June 13, 1910.

FERRIES—LEVY OF TAX.—Under Kirby's Digest, § 3570 *et seq.,* whenever a license to operate a ferry is granted, it is the duty of the county court to levy an annual tax on such privilege, without giving notice to the licensee.

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; reversed.

*Sam. A. Moore,* for appellant.

Appellee failed to make his case. 72 Ark. 395; 30 Ark. 533; 58 Ark. 250; 21 Ark. 265. The writ should be issued and regularly returned. 33 Ark. 117; 58 Ark. 250. It must be addressed to the clerk. 21 Ark. 265; 58 Ark. 250. The circuit court could not look beyond the record certified. 18 Ark. 449; 25 Ark. 32; 23 Ark. 107. A statute should be construed with reference to its purpose and object. 71 Ark. 556. The words of a statute are to be given their obvious and natural meaning if possible. 67 Ark. 566. The intention of the law

makers, when ascertained, should be followed. 65 Ark. 521; 69 Ark. 376. A license fee is a regulation, and not a tax. 56 Ark. 370.

*McCaleb & Reeder,* for appellee.

Where the transcript fails to show a return of the writ, the presumption is that it was omitted by the clerk's neglect. 18 Ark. 449; 9 Ark. 535. It can not be contended here for the first time that the copy of the order of the county court sought to be quashed is not a true and complete copy. 49 Ark. 253; 54 Ark. 216; 59 Ark. 312; 46 Ark. 96. This court has nothing to do with the wisdom or expediency of a statute. 70 Ark. 549. It does not sit to supervise legislation. 72 Ark. 195; 65 Ark. 559; 69 Ark. 521.

BATTLE, J. G. O. Duffey and others sought to quash an order of the Independence County Court, made on the 18th day of January, 1909, levying a tax or license fee on the public ferries of Independence County. The circuit court quashed the order, and the county appealed.

The grounds upon which the appellee asked the court to quash the order are as follows: First: "That said order and judgment * * * was rendered without notice to petitioners, and without giving them an opportunity to be present, or to be heard in said matter;" and, second, "that said county court had no jurisdiction to change, alter or levy the tax to be paid by petitioners for the privilege of operating such ferries, said ferries having been established and the annual tax therefor fixed by proper orders of court many years prior to the date of January 18, 1909; and in making said order of January 18, 1909, as aforesaid, said county court of Independence County assumed jurisdiction of the subject-matter without authority of law."

The statutes of this State do not sustain the contention of appellees. Section 3562 of Kirby's Digest provides: "Before any ferry shall be established, the court shall determine what tax shall be paid by such applicant for the privilege of such ferry, which shall not be less than $1 nor more than $100." And section 3566 of the same digest provides: "Upon the payment of the tax levied by the county court for the privilege of such ferry, and executing the bond required by law, such court

shall grant a license to such applicant for the term of *one year* from the date of such license."

Section 3570 provides: "It shall be the duty of the county courts to levy a tax on all ferry privileges in their respective counties, whether application be made by any person for the same or not."

Section 3571 provides: "It shall be the duty of the clerk of the county court, immediately after the assessment of any tax for ferry privileges by the court, to issue a license for the ferryman to whom such privileges were granted, and to deliver the same to the sheriff, and charge him with the amount thereof, in the same manner that he is required to be charged with other county revenue."

In *Murray* v. *Menefee*, 20 Ark. 561, the court said: "By sections 7 (3561 of Kirby's Digest) and 11 (3566 of Kirby's Digest) it is provided that any person wishing to establish a ferry shall apply to the county court, and, on showing that he is in possession of the land where the ferry is sought to be established and that its establishment will promote the public convenience, the court shall grant him a license for the term of one year. When the license has been so granted, and the ferry once established, it is made the duty of the county court to levy a tax on the privilege annually thereafter, whether application for a renewal of the license be made or not; and the duty of the clerk to issue, annually, a license, and deliver it to the sheriff for the person to whom the privilege was granted, who, on presentation of the license, is bound to pay for it." Kirby's Digest, § § 3570, 3571, 3572, 3573, 3574; *Lindsay* v. *Lindley*, 20 Ark. 573, 581.

Whenever a license to operate a ferry is granted, it is the duty of the county court to levy a tax on such privilege annually thereafter, and the person to whom the privilege is granted must take notice of that fact and act accordingly. No additional notice is necessary or required in order to authorize the county court to make the levy.

Judgment of circuit court reversed; and judgment of county court affirmed.